ABRAHAM V. VAN FLEET AND JOHN T. BIRD, ESQS.,
VICE-CHANCELLORS.

---

THE LEHIGH COAL AND NAVIGATION COMPANY

*v.*

THE CENTRAL RAILROAD COMPANY OF NEW JERSEY.

An insolvent corporation had been in the hands of this court since 1876, and its railroad operated through a receiver appointed by the chancellor. The injunction restraining the managers of the corporation from interfering with or exercising the franchises of the company was modified in order to allow the stockholders to hold an election for directors, and thereunder certain stockholders made a written application to the existing board of directors to order an election of new directors, at the time designated by the by-laws for holding such annual election. This the directors refused to do. On application to the chancellor,—*Held*, that he might order an election of directors by the present stockholders, and so ordered; such election to conform as nearly as possible to the requirements of the by-laws of the company.

349

Motion for an order for an election of directors of the defendant. On petition and supplemental petition of Edward C. Knight, who claims to be the owner of three thousand shares of the stock.

*Mr. A. G. Richey, Mr. J. D. Bedle,* and *Mr. James E. Gowen,* of Pa., for the motion.

*Mr. T. N. McCarter,* for certain stockholders, *contra.*

*Mr. B. Williamson,* for the directors.

THE CHANCELLOR.

After the making of the order modifying the injunction so as to permit the stockholders to hold an election for directors, the petitioner, by written application to the existing board, requested them to order an election. They, however, declined to comply with the request. The order was made on the 15th of April last. The time fixed by the by-laws (the charter is silent on the subject) for holding the annual election of directors is the Friday next before the second Monday of May. Upon the refusal, certain of the stockholders gave notice, under the fifty-first section of the act concerning corporations, of the holding of an election. This court, for satisfactory reasons, prevented that election. A supplemental petition was then filed, setting forth the fact of the refusal on the part of the directors to hold an election, and praying this court to order the election, and motion is now made thereupon in behalf of the petitioner and other stockholders holding large amounts of the stock. The board appear by their counsel and submit themselves in the matter to the judgment of the court, declaring themselves ready to obey any order the chancellor may make in the premises. The application is opposed by certain of the stockholders on the ground that an election cannot legally be held, and that, if it can, this court has no power to order it.

The first objection, that an election cannot legally be held, is based on the eighty-third section of the act concerning corpora-

tions, by force of which, it is insisted, the stockholders and directors are deprived of all power to hold an election. That section, as it stood before the amendment of 1877, provides that whenever an injunction shall have been granted against any incorporated company, in insolvency, as provided for by that act, and a receiver or receivers, trustee or trustees, shall have been appointed as also provided therein, and such injunction and appointment shall have continued for four months, it shall not be lawful for the stockholders or directors of the corporation, or any other person, to use or exercise the franchises of the corporation, or to transact any business in their name or by color of their charter, except such as may be necessary to collect their property and assets, and to sell the same, and distribute the proceeds among the creditors and stockholders of the corporation; and that for all other purposes the charter, by the injunction, appointment and continuance, shall be forfeited and void, without any further proceedings or judgment. By the supplement of 1877 (*P. L. of 1877 p. 74*) the section was amended by striking out the provision that for all other purposes the charter shall be forfeited and void, without further proceedings or judgment, and substituting therefor the provision that for all other purposes the chancellor may at any time, by order, in the suit or proceeding, with or without notice to anyone, and without any further proceeding or judgment, declare the charter forfeited and void; and it was also enacted that the charter of no corporation shall be forfeited and void, notwithstanding the injunction and appointment of receiver or receivers, trustee or trustees, shall have continued for four months; provided the corporation shall have been theretofore managed and doing business under an order of this court. The Central Railroad Company is within the proviso. It is argued, in opposition to this application, that while the supplement indeed provides that the charter shall not be forfeited and void, notwithstanding the provision of the eighty-third section of the original act, it does not relieve the stockholders and directors from the prohibition of that section which was in force against this company when the supplement was passed; for the injunction and appointment of a receiver had

continued for over four months.   And therefore, it is insisted, that by force of the prohibitory provision of that section they cannot lawfully use or exercise any franchise of the company, except for the purposes therein specified in that connection; which are the conversion and distribution of the property of the company, and that, therefore, they cannot lawfully elect directors.

To consider the objection : The legislature may waive a broken condition of a compact made with it.   *Ang. & Ames on Corp.* § *777.*   By the act of 1877 the legislature has expressly and completely waived the forfeiture in this case.   But further, it will be seen that the prohibition of the eighty-third section of the original act is, by its terms, not absolute, but partial only. Under that section, according to its terms, the exercise of the franchises is expressly permitted for the purposes of liquidation. The section expressly provides that the charter shall not be forfeited and void for those purposes ; that is, that it shall not be absolutely void, but only so far as certain purposes are concerned. It follows that under the provisions of that section, without regard to the supplement of 1877, the organization may be kept up, and therefore that the election of directors is still lawful. If the stockholders may lawfully exercise the franchises for any purpose, it is obvious that they may lawfully select their agents to that end, and the directors are the agents.   There is no warrant for holding that the stockholders can only exercise the franchises through the board that may happen to be in office at the expiration of the four months ; for the section makes no such provision, and there is no reason to support any such construction.   It might well be that by death, disability or resignation there would be no board at all, and it would then be necessary to elect one, or else the stockholders would be without agents to exercise the franchises, and therefore could not use them at all. It might happen that the existing board had ceased to be stockholders, and they might even have become antagonistic to the company.   Justice demands that in the case of an insolvent corporation whose affairs are in the hands of this court for administration, the stockholders shall have the choice of the agents by

whom the franchises are to be exercised, so far as this court permits such exercise in their behalf.. It is clear that if the corporation exists though only for certain purposes, the stockholders may lawfully elect directors. The property in the hands of the court in this case, is valued at about $50,000,000. By statute the court is required to operate the road for the benefit of the public. *Rev. p. 196 § 106.* And, without the statute, the same action would be taken in view of the obvious necessity of thus keeping the trust property in proper condition, and making it as productive as possible. There are many very important respects in which the action of the board as representatives of the company, may prove exceedingly useful to the court in administering the trust; and, in many of such matters, the future of the company, after it shall have passed out of the hands of the court, may be most materially affected by the action of the board. It is, therefore, eminently proper that the board should be the representatives of the stockholders, and therefore that a proper opportunity should be afforded to the latter to make selection of their agents. Moreover, should the court deem it advisable to turn over the property to the company, the stockholders must receive it by the hands of the board. Therefore, there must be directors; and in such case, as well as generally, the board should be the true and lawful representatives of the stockholders whose property they are to control and administer. No board has been elected since 1876. I have no doubt whatever that one may be now legally elected, and I am of opinion that such election should be held without any unnecessary delay. Under the circumstances, this court has power over the subject, and it is its duty not only to see to it that an election be held, but that it be so held and conducted as that it shall in all respects be legal. The action of stockholders before referred to in taking steps for an election under the fifty-first section of the act concerning corporations was objectionable, because it was taken without application to this court, which alone, under the circumstances, could take the measures necessary to secure fairness in the election, and obviate all reasonable cause of complaint on the ground of surprise. The circumstances were peculiar. The affairs of the

23

company had for many years been in the hands of this court. There had been no election of directors by the stockholders since the insolvency was declared. The existing board disputed the power of the stockholders to hold the election. The proceeding was under a provision of the law, the applicability of which to an insolvent company, whose affairs were under the management of the court, was denied. It was quite evident that the election, if held under the circumstances, would be subject to imputations of surprise and unfairness, and to questions as to its validity, which would lead to litigation or induce this court to refuse to recognize it as a just and proper expression of the choice of the stockholders. Hence, it was not permitted to take place. The situation is now changed. The directors, who then declined to hold the election, now declare their readiness to hold it if this court shall so direct. The charter provides that if the election shall not be held on the day when, pursuant to that act, it ought to be held, it may be held at any other time. As before mentioned, it fixes no time, but the by-laws do. The election was not held on the day fixed. There was not time enough between the making of the order modifying the injunction and the time fixed by the by-laws to give the notice required by the by-laws, and besides, the directors declined to order an election at all on other grounds. I deem it proper to conform to the by-laws as nearly as practicable in holding the election. There will be an order that the directors hold it, fixing as early a day as practicable ; the day to be named in the order. The election will be held and conducted in accordance with the provisions of the by-laws, as nearly as may be. The board will appoint the inspectors ; the names of the persons appointed to be reported to this court at least ten days before the time fixed for the election. The transfer-book will be closed twenty days before the time fixed for the election. The receiver will be directed to facilitate the proceedings by permitting the use of the books &c. &c., and in every other way.